UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-23045-CIV-BLOOM/TORRES

EDUARDO LIERMO,

    Plaintiff,

vs.

NATIONAL CASUALTY COMPANY,

    Defendant.
_____/

**PLAINTIFF, EDUARDO LIERMO'S MOTION FOR HEARING ON THE COURT'S DISCOVERY CALENDAR IN ORDER TO DETERMINE THE SUFFICIENCY OF DEFENDANT, NATIONAL CASUALTY COMPANY'S OBJECTIONS AND TO COMPEL DISCOVERY**

Plaintiff, EDUARDO LIERMO, by and through its undersigned counsel, and pursuant to the Court's Order Setting Discovery Procedures (D.E. 24), hereby move this Honorable Court for a hearing on the Court's Discovery Calendar in order to determine the sufficiency of Defendant, NATIONAL CASUALTY COMPANY'S (hereinafter, "NATIONAL's") objections and to compel discovery, and in support thereof states:

**I.     Introduction**

This lawsuit arises from NATIONAL's failure to declare Plaintiff's vessel, M/Y VANTAGE, a constructive total loss under the hull Policy issued by NATIONAL following the July 7, 2022 incident wherein the M/Y VANTAGE was operating off the coast of The Bahamas when it had fire, heat, smoke, and/or soot in the Vessel's engine room, causing extensive covered damages to the Vessel (hereinafter, "the loss"). (D.E. 32). Plaintiff's claims are based upon Defendant's conduct in its performance under the Policy, and do not involve coverage. This conduct includes breach of contract (Count I) by failing to declare the Vessel a constrictive total

loss and pay the insured value; negligence (Count II), through its "failure to reasonably, prudently and properly adjust the covered claim" (D.E. 32, ¶ 86); and Breach of Duty of Utmost Good Faith, *Uberrima Fidei* (Count III), and for Bad Faith Pursuant to Fla. Stat. § 624.155 (Count IV) premised upon its wrongful conduct, including the failure of the Defendant to failure to perform an independent Damage Appraisal Survey and declare the Vessel a constructive total loss based upon the damage sustained and the likely cost of repairs and its failure to pay for covered repairs, including $509,777.30 to Ferretti. (D.E. 32 at 5-12, 17-30, 48-53). Defendant has admitted liability under the Policy, making payments of approximately $424,386.27 for repairs to the Vessel for Plaintiff's claim. (Compl., D.E. 32, ¶ 48; Answer, D.E. 4, Aff. Def. 1 at 22). *Plante v. USF&G Specialty Ins. Co*., 2004 U.S. Dist. LEXIS 4875, *14 (S.D. Fla. 2004) ("once an insurer has made payment on a plaintiff's claims, it has waived its coverage defenses that would otherwise exist regardless whether it pays the policy limits or an amount less than that.") Therefore, there is no, nor can there be a coverage dispute.

On November 16, 2023, Plaintiff served its Request for Production on NATIONAL. Following an agreed extension of time, NATIONAL served its Responses to Requests for Production, Privilege Log, and responsive production files on January 19, 2024. Responses 1-24 contain boilerplate unsubstantiated objections and, along with the Privilege Log, further purport to claim work product privilege for the entire claims file relating to the loss, adjuster reports, and for other discoverable records. The objections should be overruled and production compelled.

**II.   Objections as to Work Product Do Not Apply to Give Blanket Protection to the Entire Claims File and the Materials are Discoverable**

NATIONAL's objections based upon work product and assertions of same in its Privilege Log and in Responses 1, 11, 12, 13, 17, 17, 18, 19, 20, 21, and 24 are improper and should be overruled. Further the objected Requests 1-24 are for materials relevant to the pending action as

to NATIONAL's conduct in its performance under the Policy, described above, in order to prove Counts I-IV.

Federal courts have repeatedly held that there is no distinct privilege or principle that provides blanket protection over an insurer's claim files. *See, e.g., 1550 Brickell Associates v. QBE Ins. Corp*., No. 07-22283, 2008 U.S. Dist. LEXIS 72686, 2008 WL 4279538, at *1 (S.D. Fla. July 8, 2008) ("claim file is not given any special privileges"); *Atrium on the Ocean II Condo. Assn, Inc.*, No. 06-14326, 2007 U.S. Dist. LEXIS 74962, 2007 WL 2972937, at *2 (S.D. Fla. Oct. 9, 2007) ("no blanket protection of an insurance company's claim file"); *St. Joe. Co. v. Liberty Mut. Ins. Co.*, No. 05-1266, 2006 U.S. Dist. LEXIS 85260, 2006 WL 3391208, at *3 (M.D. Fla. Nov. 22, 2006) ("federal courts regularly permit discovery of an insurer's claims file").

> In order to determine the application of work product in the insurance context,
>
> courts tend to examine the particular facts of each case:
> At some point … an insurance company's activity shifts from mere claims evaluation to a strong anticipation of litigation. This is the point where the probability of litigating the claim is substantial and imminent. The point is not fixed, it varies depending on the nature of the claims, and they type of investigation conducted.

*Milinazzo v. State Farm Ins.* Co., 247 F.R.D. 691, 701 (S.D. Fla. 2007) (citations omitted). In *Milinazzo,* the Court found that the insurer failed to provide the Court with evidentiary proof of objective facts, via affidavits or deposition testimony, that documents prepared before the date coverage was expressly denied, were prepared in anticipation of litigation, even where Plaintiff's counsel sent an insurance demand threatening litigation about six months earlier. *Id.*

Here, coverage was admitted by National's payment of insurance benefits the policy and there has been no denial of coverage. (Compl., D.E. 32, ¶ 48; Answer, D.E. 4, Aff. Def. 1 at 22). *Plante*., 2004 U.S. Dist. LEXIS 4875, *14. This is an action based on NATIONAL'S

performance and bad faith under the policy. The claims files in this case would therefore have no demarcation point as in the case of an express denial of coverage. In fact, Plaintiff's counsel did not have any communication with NATIONAL or its representatives until emailing NATIONAL's marine surveyor, Stewart Hutcheson on April 19, 2023 regarding repairs and later on June 9, 2023 sent its formal demand for payment of a constructive total loss. Claims files prepared prior to June 9, 2023 would be in the ordinary course of the insurer's business and not work product prepared in anticipation of litigation.

The claims files materials that may provide insight into the decision making process, or lack thereof, communications, and other records relating to the decision not to conduct an independent damage appraisal, determine the Vessel to be a constructive total loss, or pay benefits under the Policy are highly probative and relevant to the claims being asserted.

Plaintiff's bad faith claim (Count IV) is ripe as outlined in Plaintiff's Response to Defendant's Motion to Dismiss due to NATIONAL'S admission of liability. (D.E. 36 at 17-18). However, even if not ripe, the claims file is still not subject to blanket protection. As held in *Ranger Constr. Indus. v. Allied World Nat'l Assurance Co*:

> Courts in this District do not preclude production of every single claims file document just because there is not a ripe bad faith claim pending. Therefore, Defendant is not able to simply lodge the general objection that documents are "claims file materials" and wholly refuse to produce the documents from the claims file that are relevant to Counts I and II. . . .
>
> Defendant has failed to meet its burden to establish that the entire claims file is subject to the work-product privilege.

*Ranger Constr. Indus. v. Allied World Nat'l Assurance Co*., No. 17-81226-CIV, 2018 U.S. Dist. LEXIS 59004, at *9 (S.D. Fla. Apr. 6, 2018). See *Milinazzo v. State Farm Ins*. Co., 247 F.R.D. 691, 696 (S.D. Fla. 2007) ("documents related to the "investigation, processing, analysis" and

ultimate denial of Plaintiff's claim are relevant to the extent they relate to Plaintiff's breach of contract claim").

The case relied upon by NATIONAL in its response, *St. Paul Fire & Marine Ins. Co. v. Rosen Millennium, Inc.*, No. 6:17-cv-540-Orl-41GJK, 2018 U.S. Dist. LEXIS 196209, at *19 (M.D. Fla. June 12, 2018), involves a coverage action, not a bad faith action.  It is inapposite since here, there is a pending bad faith action (Count IV), and, unlike the *St. Paul Fire & Marine Ins. Co.* case, this is not a coverage claim and coverage was admitted by National's payment of insurance benefits the policy and there has been no denial of coverage. *Plante*., 2004 U.S. Dist. LEXIS 4875, *14.

### III.   Request for Hearing

Undersigned counsel respectfully requests that this matter be set for hearing before the Court on its discovery calendar.  Undersigned counsel has conferred with counsel for NATIONAL regarding availability for a hearing over the phone on February 8, 2024 and confirmed availability for the hearing on February 15, 2024 and February 22, 2024. Undersigned counsel then contacted Chambers by phone on February 8, 2024 and the matter was placed on the Court's **February 22, 2024 discovery calendar** with timeslots at 10:30am, 11:30am, and 2:30pm.  The 10:30am is requested as a first preference, followed by 11:30am, and then 2:30pm.  It is anticipated that a total of 30 minutes is required to address this matter.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I HEREBY CERTIFY that the undersigned counsel for the movants have conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion, including by sending an email to Defendant, NATIONAL CASUALTY COMPANY's counsel Michael

Barzyk and Michelle Hardin on January 29, 2024, and in a phone conference with Michelle Hardin on February 8, 2024, and has been unable to do so, as the Defendant has not agreed to withdraw their objections and provide the responsive records. Counsel for the movant has also contacted Chambers by phone on February 8, 2024 to place the matter on the next available discovery calendar filing prior to the filing of this Motion consistent with the Order Setting Discovery Procedures (D.E. 24).

Dated this 8th day of February, 2024.

Respectfully Submitted,
FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
Phone: (954) 763-5020
Fax:   (954) 763-5412
*Attorneys for Plaintiff, EDUARDO LIERMO*

By: /s Christopher R. Fertig
CHRISTOPHER R. FERTIG, ESQ.
Florida Bar No.: 218421
Email: crf@fertig.com

and

By: /s Alexander P. Koffler
ALEXANDER P. KOFFLER, ESQ.
Florida Bar No.: 41301
Email: apk@fertig.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 8th day of February, 2024 on all counsel or parties of record via the Court's CM/ECF system.

By: /s Alexander P. Koffler
ALEXANDER P. KOFFLER, ESQ.