UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-23045-CIV-BLOOM/TORRES

EDUARDO LIERMO,

    Plaintiff,

vs.

NATIONAL CASUALTY COMPANY,

    Defendant.

_____/

**PLAINTIFF, EDUARDO LIERMO'S MOTION FOR HEARING ON THE COURT'S DISCOVERY CALENDAR IN ORDER TO DETERMINE THE SUFFICIENCY OF DEFENDANT, NATIONAL CASUALTY COMPANY'S OBJECTIONS AND TO COMPEL DISCOVERY**

    Plaintiff, EDUARDO LIERMO, by and through its undersigned counsel, and pursuant to the Court's Order Setting Discovery Procedures (D.E. 24), hereby move this Honorable Court for a hearing on the Court's Discovery Calendar in order to determine the sufficiency of Defendant, NATIONAL CASUALTY COMPANY'S (hereinafter, "NATIONAL's") objections and to compel discovery with respect to 1) Defendant's counsel's objections and instruction of Defendant's insurance adjuster, Jody Gibson not to answer questions during her April 15, 2024 deposition relating to activities after June 9, 2023; 2) Ms. Gibson's failure to produce certain records within her possession at the deposition that were within the scope of the Duces Tecum requests, and in support thereof states:

**I.    Introduction**

    This lawsuit arises from NATIONAL's failure to declare Plaintiff's vessel, M/Y VANTAGE, a constructive total loss under the hull Policy issued by NATIONAL following the July 7, 2022 incident wherein the M/Y VANTAGE was operating off the coast of The Bahamas

when it had fire, heat, smoke, and/or soot in the Vessel's engine room, causing extensive covered damages to the Vessel (hereinafter, "the loss"). (D.E. 32). Plaintiff's claims are based upon Defendant's conduct in its performance under the Policy, and do not involve coverage. The claims are breach of contract (Count I); negligence (Count II); Breach of Duty of Utmost Good Faith, *Uberrima Fidei* (Count III); and for Bad Faith Pursuant to Fla. Stat. § 624.155 (Count IV) premised upon Defendant's wrongful conduct, including its failure to perform an independent Damage Appraisal Survey and declare the Vessel a constructive total loss based upon the damage sustained and the estimated cost of repairs and its failure to pay for covered repairs, including $509,777.30 to Ferretti Group of America, LLC ("Ferretti"). (D.E. 32 at 5-12, 17-30, 48-53, 86). Defendant has admitted liability under the Policy, with its claims adjuster admitting that "[y]es, it was determined that this would be a covered loss" and with Defendant making payments of approximately $545,000.00 for repairs to the Vessel under Plaintiff's claim, plus $21,700.00 for sue and labor expenses for towing. (Gibson dep. at 63:7-13; 177:23-178:22: Compl., D.E. 32, ¶ 48; Answer, D.E. 4, Aff. Def. 1 at 22). *Plante v. USF&G Specialty Ins. Co.*, 2004 U.S. Dist. LEXIS 4875, *14 (S.D. Fla. 2004) ("once an insurer has made payment on a plaintiff's claims, it has waived its coverage defenses that would otherwise exist regardless whether it pays the policy limits or an amount less than that.") Therefore, there is no coverage dispute and Plaintiff's claims are premised upon Defendant's improper claims handling.

On April 1, 2024, Plaintiff served its Re-Notice of Taking Deposition Duces Tecum and Amended Subpoena to Testify at Deposition with Duces Tecum, of Jody Gibson, the claims adjuster retained by NATIONAL for the adjustment of Plaintiff's claim for insurance benefits relating to the loss.

At the April 15, 2024 deposition, NATIONAL's counsel objected to and instructed the witness not to answer questions posed by Plaintiff's counsel relating to any events taking place after June 9, 2023, the date when a demand by Plaintiff's counsel was sent to NATIONAL for a determination of the Vessel to be a constructive total loss, on the basis of relevance, the work product protection, and attorney-client privilege. (Gibson dep. at 179:2-180:17; 182:17-187:9; 188:16-20). Plaintiff's counsel stopped the deposition with the express reservation to complete the examination as to the claims handling after June 9, 2023 once the objection and instruction have been resolved by the Court. (Ex. 3, Gibson dep. at 195:1-11). NATIONAL's counsel's objections and instruction are improper, in violation of Fed. R. Civ. P. 30(c)(2), and must be overruled and the witness compelled to complete the deposition regarding the topic of claims handling after June 9, 2023.

Additionally, Ms. Gibson has failed to produce items she admitted to having in her possession and that are within the scope of the Duces Tecum, including the TPA Agreement with NATIONAL, a Flow Chart regarding claims handling with NATIONAL, training manuals she was provided regarding marine claims adjusting, and her *curriculum vitae*. (Gibson dep. at 35:10-39:7; 41:2-43:1). NATIONAL's counsel Objection to the Duces Tecum Requests for Ms. Gibson's deposition is without merit and production of the materials should be compelled.

**II.    NATIONAL's counsel's objections and instruction to Ms. Gibson not to answer deposition questions as to claims handling after June 9, 2023 are improper as the questioning is within the scope of permissible discovery**

Plaintiff's counsel questioned Ms. Gibson relating to her adjusting Plaintiff's pending claim for benefits with NATIONAL from the loss which included the timeframe after June 9, 2023, when Plaintiff's counsel sent a demand letter to Defendant for the determination of the loss to be deemed a constructive total loss. (Gibson dep. at 179:2-180:17; 182:17-187:9; 188:16-20).

NATIONAL objected and improperly instructed the witness not to answer the questions on the basis of relevance, the work product protection, and attorney-client privilege during multiple speaking objections. (*Id.*)  The objections and instructions are improper and should be overruled.

Objections during a deposition are governed by Fed. R. Civ. P. 30(c)(2), which provides:

> (2) Objections. An objection at the time of the examination— whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

 "It is improper to instruct a witness not to answer a question based on form and relevancy objections." *Quantachrome Corp. v. Micromeritics Instrument Corp*., 189 F.R.D. 697, 700 (S.D. Fla. 1999).  Speaking objections are also prohibited.  *Id.* (holding "[t]estimony taken during a deposition is to be completely that of the deponent, not a version of the testimony which has been edited or glossed by the deponent's lawyer. Accordingly, the witness must be allowed to provide an answer to the best of his ability, free from any influence by his counsel.") (citation omitted).

The instruction given was improper since it was not necessary to assert a privilege, there was no limitation being enforced by the Court, and no motion for protective order or to terminate or limit the deposition has been filed.  The Objections that Defendant served were to the Duces Tecum items, not the deposition. Plaintiff's counsel's questions did not call for disclosure of privilege and Plaintiff's counsel further clarified: "I want to be clear.  I am not asking for attorney/client communications or work product materials in preparation for trial. I'm simply asking factual questions of the witness about the decision making that took place as the claim is being handled." (Gibson dep. 183:19-24).  The facts of what happened during the claims handling process is not work product.  *See* Fed. R. Evid. 502(g)(2) (defining work-product protection as

applying to "tangible material (or its tangible equivalent) prepared in anticipation of litigation or for trial."

The questions posed relating to claims handling, including for activities after June 9, 2023, sought information within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The questions regarding outstanding invoicing from Ferretti and the determination of the Vessel as a constructive total loss, are relevant to Counts I-IV to show, for example the cost of the repairs to Plaintiff's boat, Defendant's knowledge of the costs; and its failure to pay those costs, to have estimated those costs, and to have determined the Vessel to be a constructive total loss in violation of the terms of the insurance policy. The claim continued after the June 9, 2023 demand for the Vessel to be deemed a constructive total loss, and still is ongoing, with $605,000 remining under the hull insurance. (Gibson dep. at 178:23-179:1). Mr. Liermo's demand does not confer protection regarding deposition questioning into Defendant's claims practices that are the subject of the instant litigation. National is attempting to put the burden on its insured to request a constructive total loss (s*ee* Gibspon dep. at 91:22-23) and then insulate its claims handling practices by virtue of such a request. Therefore, Defense counsel's instruction and objections should be overruled and Ms. Gibson's examination should be permitted to continue regarding the topic of claims handling after June 9, 2023.

**III.   Ms. Gibson should be compelled to produce items responsive to the Duces Tecum requests within her possession, and the Objections to the Duces Tecum requests should be overruled**

Ms. Gibson has failed to produce items she admitted to having in her possession and that are within the scope of the Duces Tecum, as follows:

1. The TPA Agreement with NATIONAL. (Gibson dep. at 41:2-42:9; Subpoena for Deposition of Ms. Gibson, Duces Tecum, ¶¶ 2-3).

2. The Flow Chart regarding claims handling with NATIONAL. (Gibson dep. at 42:10-43:1; 41:2-43:1; Subpoena for Deposition of Ms. Gibson, Duces Tecum, ¶¶ 2-3).

3. Training manuals she was provided regarding marine claims adjusting. (Gibson dep. at 35:10-39:2; Subpoena for Deposition of Ms. Gibson, Duces Tecum, ¶¶ 2-3).

4. Ms. Gibson's *curriculum vitae*. (Gibson dep. at 39:3-7; Subpoena for Deposition of Ms. Gibson, Duces Tecum, ¶ 6).

Further, Ms. Gibson should be compelled to produce any other records responsive to the Subpoena for Deposition of Ms. Gibson, Duces Tecum, that have not been produced.

The Duces Tecum requests are within the scope of permissible discovery. *See* Fed. R. Civ. P. 26(b)(1). Defendant's Objections must be overruled. Defendant lacks standing to object to the subpoena to Ms. Gibson, a third party claims adjuster employed by Ryan Specialty Group. (Gibson dep. at 11:1-25; 15:1-18). *Bishop v. Baldwin*, No. 20-CV-61254-SINGHAL/VALLE, 2020 U.S. Dist. LEXIS 232111, at *11 (S.D. Fla. Dec. 10, 2020) ("[g]enerally, a party does not have standing to object to a subpoena issued to a third party.")

Also, assertion of a blanket attorney-client privilege and work product doctrine is improper as it is not itemized as to the requests and fails to include a privilege log. See Fed. R. Civ. P. 45(e)(2)(A). It appears the Objection filed by Defendant purports to apply to nearly all Duces Tecum items ("1, 2, 3, 4, 5, 8, 9, 11, 12, 13, 14, 17, 18, 19, 20, 21, 23, and 24") but the failure to provide itemized responses and a privilege log makes it impossible to determine whether and to what extent the Duces Tecum items are responded to.

Further, with coverage admitted by National, Plaintiff is entitled to discovery of Defendant's claims files in order to prove its claims which are premised upon Defendant's performance in handling the claim. *See Plante*., 2004 U.S. Dist. LEXIS 4875, *14. Federal courts

have repeatedly held that there is no distinct privilege or principle that provides blanket protection over an insurer's claim files. *See, e.g., 1550 Brickell Associates v. QBE Ins. Corp.*, No. 07-22283, 2008 U.S. Dist. LEXIS 72686, 2008 WL 4279538, at *1 (S.D. Fla. July 8, 2008) ("claim file is not given any special privileges"); *Atrium on the Ocean II Condo. Assn, Inc.*, No. 06-14326, 2007 U.S. Dist. LEXIS 74962, 2007 WL 2972937, at *2 (S.D. Fla. Oct. 9, 2007) ("no blanket protection of an insurance company's claim file"); *St. Joe. Co. v. Liberty Mut. Ins. Co.*, No. 05-1266, 2006 U.S. Dist. LEXIS 85260, 2006 WL 3391208, at *3 (M.D. Fla. Nov. 22, 2006) ("federal courts regularly permit discovery of an insurer's claims file").

The claims files materials may provide insight into the decision making process, or lack thereof, communications, and other records relating to the decision not to conduct an independent damage appraisal, determine the Vessel to be a constructive total loss, or pay benefits under the Policy, which are highly probative factors and relevant to the claims being asserted.

Plaintiff's bad faith claim (Count IV) is ripe as outlined in Plaintiff's Response to Defendant's Motion to Dismiss due to NATIONAL'S admission of liability. (D.E. 36 at 17-18). However, even if not ripe, the claims file is still not subject to blanket protection. As held in *Ranger Constr. Indus. v. Allied World Nat'l Assurance Co*:

> Courts in this District do not preclude production of every single claims file document just because there is not a ripe bad faith claim pending. Therefore, Defendant is not able to simply lodge the general objection that documents are "claims file materials" and wholly refuse to produce the documents from the claims file that are relevant to Counts I and II. . . .
>
> Defendant has failed to meet its burden to establish that the entire claims file is subject to the work-product privilege.

*Ranger Constr. Indus. v. Allied World Nat'l Assurance Co*., No. 17-81226-CIV, 2018 U.S. Dist. LEXIS 59004, at *9 (S.D. Fla. Apr. 6, 2018). See *Milinazzo v. State Farm Ins*. Co., 247 F.R.D. 691, 696 (S.D. Fla. 2007) ("documents related to the "investigation, processing, analysis" and

ultimate denial of Plaintiff's claim are relevant to the extent they relate to Plaintiff's breach of contract claim").

The case relied upon by NATIONAL in its response, *St. Paul Fire & Marine Ins. Co. v. Rosen Millennium, Inc.*, No. 6:17-cv-540-Orl-41GJK, 2018 U.S. Dist. LEXIS 196209, at *19 (M.D. Fla. June 12, 2018), involves a coverage action, not a bad faith action. It is inapposite since here, there is a pending bad faith action (Count IV), and, unlike the *St. Paul Fire & Marine Ins. Co.* case, this is not a coverage claim and coverage was admitted by National's payment of insurance benefits the policy and there has been no denial of coverage. *Plante*., 2004 U.S. Dist. LEXIS 4875, *14.

## IV.    Request for Hearing

Undersigned counsel respectfully requests that this matter be set for hearing before the Court on its discovery calendar. Undersigned counsel has conferred with counsel for NATIONAL regarding availability for a hearing over the phone on May 8, 2024 and confirmed availability for the hearing on May 30, 2024 on the available timeslots including 10:30am and 2:30pm. The 10:30am is requested as a first preference, followed by 2:30pm. It is anticipated that a total of 30 minutes is required to address this matter.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I HEREBY CERTIFY that the undersigned counsel for the movants have conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion, including by sending an email to Defendant, NATIONAL CASUALTY COMPANY's counsel Michael Barzyk and Michelle Hardin on April 15, 2024, May 1, 2, 3, 6, 7 2024, and in a phone conference with Michael Barzyk on May 8, 2024, and has been unable to do so, as the Defendant has not agreed to

withdraw their Objections and Instructions with respect to Ms. Gibson's deposition, to allow the deposition to continue, or to provide the responsive records to the Duces Tecum requests. Counsel for the movant has also contacted Chambers by phone on May 3, 2024 to place the matter on the next available discovery calendar filing prior to the filing of this Motion consistent with the Order Setting Discovery Procedures (D.E. 24).

Dated this 9th day of May, 2024.

Respectfully Submitted,
FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
Phone: (954) 763-5020
Fax:    (954) 763-5412
*Attorneys for Plaintiff, EDUARDO LIERMO*

By: /s Christopher R. Fertig
CHRISTOPHER R. FERTIG, ESQ.
Florida Bar No.: 218421
Email: crf@fertig.com

and

By: /s Alexander P. Koffler
ALEXANDER P. KOFFLER, ESQ.
Florida Bar No.: 41301
Email: apk@fertig.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 9th day of May, 2024 on all counsel or parties of record via the Court's CM/ECF system.

By: /s Alexander P. Koffler
ALEXANDER P. KOFFLER, ESQ.