UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23045-BLOOM/Torres

EDUARDO LIERMO,

    Plaintiff,

v.

NATIONAL CASUALTY COMPANY,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant National Casualty Company's Answer and Affirmative Defenses to Count I of the Amended Complaint and Motion to Dismiss Counts II, III, and IV of Plaintiff's Amended Complaint, ECF No. [34] ("Motion"). Plaintiff Eduardo Liermo filed a Response in Opposition ("Response"), ECF No. [36], to which Defendant filed a Reply, ECF No. [38]. The Court has reviewed the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

**I. BACKGROUND**

Plaintiff filed his initial Complaint on August 11, 2023, asserting breach of contract and negligence claims against Defendant. ECF No. [1]. Defendant filed a Motion to Dismiss Plaintiff's Complaint on October 23, 2023. ECF No. [13].

    **A. Amended Complaint**

Plaintiff thereafter filed his Amended Complaint, ECF No. [32], alleging the following:

Plaintiff's claims arise "from Defendant's breach of contract with respect to an insurance policy." *Id.* ¶ 1. Plaintiff, a citizen of Florida, is the owner of the *MY/Vantage*, "a 2009, 72'

Pershing Sport Motor Yacht; hull identification number XFA72P24H809[.]" *Id.* ¶ 2 (the "Vessel"). Defendant, a corporation "formed under the laws of the State of Ohio with its principal place of business in Scottsdale, Arizona," is the insurer of the Vessel. *Id.* ¶¶ 11-12. Defendant issued a Recreational Marine Policy to Plaintiff on September 17, 2021, policy number OMO0030707. *Id.* ¶ 13; *see generally* ECF No. [1-1] (the "Policy"). The Policy provides coverage for the Vessel, with effective dates of September 17, 2021 – September 17, 2022. ECF No. [32] ¶ 14; *see generally* ECF No. [1-1]. The Policy specifically covers "all risks of accidental, direct physical loss or property damage to the insured vessel caused by an occurrence[,]" ECF No. [1-1] ¶ 8, including damage caused by fire, smoke, or soot. ECF No. [32] ¶¶ 17-18. On or about July 7, 2022, the Vessel was operating off the coast of The Bahamas when it had fire, heat, smoke, and/or soot in the Vessel's engine room, causing extensive covered damages to the Vessel[.]" *Id.* ¶ 24 (generally, the "Loss"). Despite being timely notified of the Loss, Defendant "did not arrange to have a marine surveyor present or to have a damage appraisal/scope of loss performed prior to the tow." *Id.* ¶ 30. Defendant later failed to reasonably explore or consider whether the Vessel should be deemed a "constructive total loss[.]" *Id.* ¶ 37. Defendant also failed "to perform a good faith, independent damage appraisal, scope of loss, survey, analyzing the entire scope of damages to the Vessel and applying the appropriate repair protocols." *Id.* ¶ 39.

Count I alleges that Defendant breached the Policy by failing to declare the Vessel a constructive total loss. Count II alleges that Defendant was negligent by failing to reasonably adjust the Loss. Count III alleges that Defendant breached its duty of good faith and fair dealing by failing to fulfill its obligations under the Policy. Count IV alleges that Defendant acted in bad faith in adjusting Plaintiff's Loss in violation of Florida Statutes § 624.155.

### B. Motion

Defendant filed its Answer to Count I and moves to dismiss Counts II – IV pursuant to Rule 12(b)(6). Defendant contends Counts II – IV must be dismissed because the Policy's choice of law provision requires applying New York law. Defendant argues Counts II – IV fail as a matter of law because New York law rejects those claims when they are brought alongside a breach of contract claim premised on the same facts.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

## III. DISCUSSION

Defendant argues the Court must enforce the Policy's choice of law provision, which demonstrates Counts II – IV fail to state a claim. The Policy's choice of law provision provides:

3

> Any dispute regarding the coverage afforded under the **Policy** shall be governed by the rules and principles of federal admiralty law. In the event that a rule of federal admiralty law does not exist, then any dispute regarding the coverage afforded under the **Policy** shall be governed by the law of the State of New York, without giving effect to any conflict of laws principles which might cause the application of the law of any other state or jurisdiction.

ECF No. [32-1] at 21.

Defendant contends Counts II – IV must be dismissed because negligence claims premised upon a breach of contract (Count II) are not cognizable under federal admiralty law, and neither are claims for breach of the duty of good faith and fair dealing (Count III) or bad faith denials of coverage (Count IV). Defendant argues Counts II – IV accordingly must be dismissed because New York law does not recognize such claims where, as here, those claims are premised on the same facts as Plaintiff's breach of contract claim (Count I). Plaintiff responds that the choice of law provision does not establish Counts II – IV should be dismissed because those claims are not premised on a coverage dispute, Florida law governs those claims, and Defendant has waived reliance on that provision by issuing a payment under the Policy. Even if the choice of law provision applies, Plaintiff argues dismissal of Count III is inappropriate because it is cognizable under federal admiralty law.

### A.  Whether Counts II – IV are Premised on a Coverage Dispute

As a threshold matter, the Court finds Counts II – IV are subject to the Policy's choice of law provision, as all three claims are premised on an underlying coverage dispute between the Parties. Plaintiff argues Counts II – IV do not implicate a coverage dispute because those "claims are based upon Defendant's conduct in its performance under the Policy, and do not involve coverage." ECF No. [36] at 8. However, that is a distinction without a difference. Plaintiff's own description of his claims demonstrates Counts II – IV are brought pursuant to a coverage dispute. According to Plaintiff, Counts II and III concern Defendants' "negligence . . . through its 'failure

4

to reasonably, prudently and properly adjust the covered claim; and Breach of Duty of Utmost Good Faith and Fair Dealing[.]'" *Id.* (citing ECF No. [32] ¶ 86). Count IV is "premised upon [Defendant's] wrongful conduct, including the failure of the Defendant to failure to perform an independent Damage Appraisal Survey and declare the Vessel a constructive total loss based upon the damage sustained and the likely cost of repairs and *its failure to pay for covered repairs*, including $509,777.30 to Ferretti." *Id.* (emphasis added). Plaintiff thus alleges Defendant's conduct was negligent or wrongful *because* Defendant was obligated to properly adjust the covered claim in good faith, to perform an independent damage appraisal, to declare the Vessel a total loss, and to pay for covered repairs. In other words, the Parties dispute whether Defendant fulfilled its coverage obligations under the Policy. The Court accordingly agrees with Defendant that Counts II – IV are necessarily brought pursuant to the Parties' coverage dispute.[1]

### B. Whether Florida Law Applies

Plaintiff also argues Counts II – IV are properly pled because they are compatible with breach of contract claims under Florida law. Plaintiff agrees that the Policy is governed by federal maritime law but contends that Florida law applies in the absence of federal maritime law, not New York law. For support, Plaintiff asserts "Florida's choice of law rules apply to this case as the Court has diversity subject matter jurisdiction." ECF No. [36] at 4. That argument ignores the plain language of the choice of law provision, however. As noted, the choice of law provision

---

[1] Plaintiff's reliance on *Clear Spring Prop. & Cas. Co. v. Big Toys LLC*, 683 F. Supp. 3d 1297 (S.D. Fla. 2023) and *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204 (11th Cir. 2011) is misplaced. The fact that the choice of law provision in *Big Toys LLC* broadly encompassed "any dispute arising hereunder[,]" 683 F. Supp. 3d at 1300, fails to support the premise that Counts II – IV are not premised on a coverage dispute. In *Doe*, the Eleventh Circuit rejected the defendant's assertion that the court "should ignore the [arbitration clause's] limitation and force Doe to arbitrate any and all disputes, claims, or controversies without regard to whether they relate to, arise out of, or are connected with her employment or her service as an employee." 657 F.3d at 1218. Here, Defendant urges the Court to apply the choice of law provision because Counts II – IV are premised on a coverage dispute. Conversely, Plaintiff asks the Court to ignore the plain language of this provision to find that his claims fall outside its scope. As in *Doe*, "[t]hat we cannot do." *Id.*

explicitly requires "[a]ny dispute regarding the coverage afforded under the **Policy** shall be governed by the rules and principles of federal admiralty law." ECF No. [32-1] at 21. If an applicable "rule of federal admiralty law does not exist, then any dispute regarding the coverage afforded under the **Policy** shall be governed by the law of the State of New York[.]" *Id.* Critically, the choice of law provision further provides New York law shall apply "*without giving effect to any conflict of laws principles which might cause the application of the law of any other state or jurisdiction.*" *Id.* (emphasis added). The Parties thus agreed that New York law applies to disputes regarding Policy coverage even if Florida law would ordinarily apply.

As noted, Plaintiff correctly observes that the Policy is governed by federal maritime law. *GEICO Marine Ins. Co. v. Shackleford*, 945 F.3d 1135, 1139 (11th Cir. 2019) ("Marine insurance contracts qualify as maritime contracts, which fall within the admiralty jurisdiction of the federal courts and are governed by maritime law."). However, Plaintiff lacks support for his position that federal admiralty law requires applying Florida law to this case. Under federal maritime law, "a choice of law provision in a marine insurance policy" is generally enforceable, "unless the state in question has no substantial relationship to the parties or the transaction or the state's law conflicts with the fundamental purpose of maritime law." *Great Lakes Ins. SE v. Sunset Watersports, Inc.*, 570 F. Supp. 3d 1252, 1261 n.7 (S.D. Fla. 2021). Plaintiff does not argue New York has no substantial relationship to the parties or the transaction or that New York law conflicts with the fundamental purpose of federal maritime law. Plaintiff accordingly provides no basis for finding New York "has no substantial relationship to the parties or the transaction or the state's law conflicts with the fundamental purpose of maritime law." *Sunset Watersports, Inc.*, 570 F. Supp. 3d at 1261 n.7. Conversely, Defendant accurately observes that courts in this District routinely enforce choice of law provisions selecting federal maritime or New York law as the law governing

marine insurance policies. *See, e.g.*, *Polar Vortex, LLC v. Certain Underwriters at Lloyd's, London*, No. 22-CV-61067-RAR, 2023 WL 2016832, at *9 (S.D. Fla. Feb. 14, 2023); *Great Lakes Ins. SE v. Aarvik*, No. 18-CV-60705, 2019 WL 201258, at *3 (S.D. Fla. Jan. 15, 2019); *Great Lakes Reinsurance (UK), PLC v. Rosin*, 757 F. Supp. 2d 1244, 1251 (S.D. Fla. 2010) (collecting cases).

The Court's finding that Counts II – IV are subject to the choice of law provision is accordingly fatal to Plaintiff's argument that Florida law governs those claims. As discussed, Plaintiff does not argue the choice of law provision is unenforceable, nor does he provide authorities to support his position that Florida law applies in this context. "Absent any evidence that applying New York law would be 'unreasonable or unjust,' the Court has no reason to decline to enforce the choice of law clause." *Polar Vortex, LLC v. Certain Underwriters at Lloyd's, London*, No. 22-CV-61067-RAR, 2023 WL 2016832, at *4 (S.D. Fla. Feb. 14, 2023); *see also Great Lakes Ins. SE v. Wave Cruiser LLC*, 36 F.4th 1346, 1354 (11th Cir. 2022) ("We see no reason to depart from our sister circuits by declining to enforce the parties' choice-of-law agreement in this case."). The Court accordingly finds Counts II – IV are governed by federal maritime law or New York law where no applicable rule of federal maritime law exists.

### C. Whether Defendant Waived Reliance on the Choice of Law Provision

Plaintiff also argues that the choice of law provision is "null and void" because Defendant conceded coverage. To the extent Plaintiff relies on this argument to support its position that Florida law governs Counts II – IV, that reliance is misplaced. Plaintiff cites *Plante v. USF&G Specialty Ins. Co.*, No. 03-23157-CIV-GOLD, 2004 WL 741382, at *4 (S.D. Fla. Mar. 2, 2004) for support that "once an insurer has made payment on a plaintiff's claims, it has waived its coverage defenses that would otherwise exist regardless whether it pays the policy limits or an amount less than that." *Plante* relied on Florida Statutes, § 627.426(2) for support, which "provides

7

that an insurer's failure to provide written notice of its refusal to cover a claim works an estoppel." *Id.* As discussed, however, the Policy's choice of law provision makes clear Florida law does not govern Counts II – IV. *Plante* is thus inapposite as § 627.426(2) does not apply to Counts II – IV.

Plaintiff fails to provide any additional support for its position that Defendant's payment under the policy constitutes a waiver of any coverage defenses as to all claims. For its part, Defendant concedes it "has made coverage payments related to this claim for fire damage to the insured vessel." ECF No. [38] at 2. However, the coverage dispute in this case concerns the extent of Defendant's coverage obligations—and whether Defendant fulfilled those obligations—not whether the loss is covered under the policy in the first place. The Court thus agrees with Defendant that its prior payment "in no way waived Defendant's coverage defenses such as interpretation of the 'constructive total loss' provision, the defenses to the scope of covered damages, and whether the negligent work of a third party is covered under the policy." *Id.*

### D. Whether Counts II – IV Fail Under Federal Maritime or New York Law

To satisfy its burden, Defendant must show Counts II – IV are subject to dismissal under federal maritime law. If no rule of federal maritime law applies to the claims at issue, Defendant must show that Plaintiff fails to state a claim under New York law. The Court proceeds to analyze each Count and the applicable law.

#### i. Negligent Failure to Adjust - Count II

Defendant relies on *Polar Vortex, LLC v. Certain Underwriters at Lloyd's, London*, No. 22-CV-61067-RAR, 2023 WL 2016832 (S.D. Fla. Feb. 14, 2023) for support. In *Polar Vortex,* the defendant-insurer moved to dismiss the plaintiff's negligence and bad faith claims premised on an underlying marine insurance policy. The plaintiff also brought a breach of contract claim premised on the same marine insurance policy. *Id.*, at *2. The policy contained a similar choice of law provision, which stated:

8

> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

*Id.* at *3.

The court found this choice of law provision was enforceable under federal admiralty law and concluded "where federal admiralty law does not apply, the Court must apply the substantive law of New York." *Id.*, at *4. The court also found federal admiralty law was silent with respect to the negligence and bad faith claims related to a maritime insurance contract. *Id.*, at **6-7 & n.8. The court proceeded to apply New York law, concluding that both claims must be dismissed. Regarding the plaintiff's negligence claim, the court found New York law "provides that a contract does not create a duty (for negligence purposes) between the contracting parties unless that duty existed separately from the contract's formation." *Id.*, at *6 (citing *320 W. 115 Realty LLC v. All Bldg. Constr. Corp.*, 149 N.Y.S.3d 28, 29-30 (N.Y. App. Div. 2021) ("The claim for negligence was also properly dismissed. It is well settled that, absent allegations of a breach of duty independent of the contract, causes of action based on negligent or grossly negligent performance of a contract are not cognizable.") (internal quotation omitted)). Because the plaintiff's negligence claim was premised on the defendant-insurer's breach of the marine insurance policy, the court concluded that claim must be dismissed.[2]

The court then found the plaintiff's bad faith claim failed for the same reason: New York law does not recognize a separate cause of action for an insurer's bad faith in performing its

---

[2] Similar to Plaintiff's argument here, the plaintiff argued its claim "is a negligence claim, not a breach of contract claim[.]" *Polar Vortex, LLC*, 2023 WL 2016832, at *6. After finding that this "negligence" claim fails as a matter of law—and observing that the plaintiff "itself recognizes that [d]efendant's alleged negligence is the result of its breach of the Policy"—the court concluded the claim "must be properly construed as a breach of contract claim" and dismissed the claim without prejudice to allow the plaintiff to replead the claim as a breach of contract claim. *Id.*

9

obligations under an insurance policy. *Id.*, at *7 ("New York cases are legion that 'there is no separate cause of action in tort for an insurer's bad faith failure to perform its obligations under an insurance policy[.]'") (quoting *Cont'l Cas. Co. v. Nationwide Indem. Co.*, 792 N.Y.S.2d 434, 435 (N.Y. App. Div. 2005) (citing *Acquista v. N.Y. Life Ins. Co.*, 730 N.Y.S.2d 272, 278 (N.Y. App. Div. 2001) ("We are unwilling to adopt the widely-accepted tort cause of action for 'bad faith' in the context of a first-party claim . . . . [T]he duties and obligations of the parties to an insurance policy are contractual rather than fiduciary.") (alterations accepted)). The court concluded the plaintiff's "bad faith claim is based on the same facts as its breach of contract allegation[]" and accordingly dismissed the claim with prejudice. *Id.*, at *7.

Defendant contends Count II fails to state a claim because, as in *Polar Vortex*, the negligence claim is subject to New York law. Moreover, as in *Polar Vortex*, Plaintiff alleges negligence and breach of contract claims premised on duties Defendant owe under the Policy. Plaintiff responds that its negligence claim should not be dismissed because the claim is properly pled under Florida law, and the negligence claim is not premised on a duty Defendant owed Plaintiff under the Policy.

This Court has already determined that Florida law is inapplicable to Counts II – IV. Whether Plaintiff can properly plead breach of contract and negligence claims premised on the same facts under Florida law is thus irrelevant. Plaintiff fails to challenge Defendant's contention that federal maritime law is silent as to whether negligence claims are properly brought alongside breach of contract claims premised on the same insurance policy, and New York law therefore applies. While Plaintiff contends his negligence claim is not premised on a duty Defendant owes under the Policy, Plaintiff's position is contradicted by his own allegations.

The Amended Complaint explicitly alleges "[t]his is an action for monetary damages *arising from Defendant's breach of contract with respect to an insurance policy*." ECF No. [32] ¶ 1 (emphasis added). Count II alleges Defendant "negligently failed to reasonably, properly, and prudently adjust the claim for damage[,]" and that Defendant's failure to do so "was a breach of . . . [its] duties to Plaintiff." *Id.* ¶¶ 86, 91. Plaintiff's Amended Complaint studiously avoids alleging *why* Defendant owed Plaintiff a duty to reasonably adjust his claim.[3] However, that duty plainly flows from Defendant's obligations under the Policy. Count I alleges Defendant "breached the contract of insurance by failing to timely declare the vessel as a constructive total loss[.]" *Id.* ¶ 76. Defendant's alleged duties to declare the Vessel a total loss and to reasonably adjust Plaintiff's loss are both contractual in nature. Without the Policy, Defendant would have neither of those alleged duties. Moreover, Plaintiff fails to allege that Defendant owed Plaintiff a duty of reasonable care, or any other duty independent of its contractual obligations under the Policy. As the Court found in *Polar Vortex*, this Court accordingly concludes that "Defendant's alleged negligence is the result of its breach of the Policy[.]" 2023 WL 2016832, at *6.

Plaintiff's argument that it may bring a negligence action "premised upon the conduct of the adjuster against Defendant by virtue of the Policy[]" is therefore misplaced. ECF No. [36]. That argument also effectively concedes Count II is also premised on Defendant's contractual duties under the Policy. As was found in *Polar Vortex,* this Court also determines that such negligence claims are governed by New York law because federal maritime law does not address those claims. The Court agrees that New York law "provides that a contract does not create a duty (for negligence purposes) between the contracting parties unless that duty existed separately from

---

[3] Plaintiff's initial Complaint, ECF No. [1], explicitly alleges "[t]he surveyor owed a duty to Plaintiff to reasonably, properly and prudently adjust the claim for damage *pursuant to the terms of the Policy* and in accordance with the customary standards in the marine industry." *Id.* ¶ 75 (emphasis added).

11

the contract's formation." 2023 WL 2016832, at *6. Plaintiff's argument accordingly ignores that New York law precludes such claims where, as here, the negligence claim is also premised on the breach of a contractual duty. *All Bldg. Constr. Corp.*, 149 N.Y.S.3d at 29-30. Count II must be dismissed with prejudice for failing to state a claim under New York law.

### ii. Breach of Duty of Good Faith and Fair Dealing (Count III)

Defendant argues Count III fails for the same reasons, namely, federal maritime law is silent with respect to claims for breach of the duty of good faith and fair dealing, and those claims fail under New York law. Defendant again relies on *Polar Vortex* for support. As Plaintiff points out, however, the defendant in *Polar Vortex* did not move to dismiss the plaintiff's claim for breach of the duty of good faith and fair dealing. *See generally Polar Vortex, LLC*, 2023 WL 2016832. The court, accordingly, did not analyze whether such claims are cognizable under federal maritime law.

Moreover, Plaintiff correctly observes such claims are well-established under federal maritime law. The doctrine of *uberrimae fidei*, or duty of utmost good faith, "requires that an insured fully and voluntarily disclose to the insurer all facts material to a calculation of the insurance risk." *HIH Marine Servs., Inc. v. Fraser*, 211 F.3d 1359, 1362 (11th Cir. 2000) (collecting cases). "It is well-settled that the marine insurance doctrine of *uberrimae fidei* is the controlling law of this circuit." *Id.* (citing *Steelmet, Inc. v. Caribe Towing Corp.*, 747 F.2d 689, 695 (11th Cir. 1984) ("The general rule of marine insurance, requiring full disclosure, is well settled in this circuit, and as a clear rule of maritime law it is the controlling federal rule even in the face of contrary state authority."); *Certain Underwriters at Lloyds, London v. Giroire*, 27 F. Supp. 2d 1306, 1312 (S.D. Fla. 1998); *International Ship Repair and Marine Serv., Inc. v. St. Paul Fire & Marine Ins. Co.*, 922 F. Supp. 577, 580 (M.D. Fla. 1996) (footnote omitted)). As Plaintiff points out, insureds and insurers are obligated to act in good faith under this doctrine. *State Nat. Ins. Co.*

*v. Anzhela Explorer, L.L.C.*, 812 F. Supp. 2d 1326, 1353 (S.D. Fla. 2011) (observing an insurer has "its own reciprocal duty of good faith to the insured.") (citations omitted); *Contractors Realty Co. v. Ins. Co. of N. Am.*, 469 F. Supp. 1287, 1294 (S.D.N.Y. 1979) ("There is a reciprocal duty on the part of the insurer to deal fairly, to give the assured fair notice of his obligations, and to furnish openhandedly the benefits of a policy of 'all-risks' insurance.").

In its Reply, Defendant does not address Plaintiff's argument. Instead, Defendant simply asserts "the unambiguous choice of law provision must be applied, as the Court did in *Polar Vortex*, and the Plaintiff's Counts II through IV must be dismissed." ECF No. [38]. As discussed, however, Defendant's reliance here on *Polar Vortex* is unpersuasive. Further, Plaintiff has demonstrated federal maritime law recognizes claims for breach of the duty of utmost good faith.[4] As such, Defendant has failed to establish that Count III fails to state a claim upon which relief may be granted.

### iii.   Common Law Bad Faith (Count IV)

Defendant also relies on *Polar Vortex* to argue Count IV must be dismissed because New York law applies, which requires dismissal of bad faith claims based on Defendant's failure to perform its obligations under the Policy. Plaintiff responds that its bad faith claim is properly cognizable under Florida law. As with Count II, however, this argument is misplaced in light of the Court's conclusion that either federal maritime law or New York law governs Counts II – IV.

---

[4] Although the existence of this reciprocal duty is well-established under federal maritime law, the scope of an insurer's duties under the doctrine of *uberrimae fidei* is unclear. *See U.S. Specialty Ins. Co. v. Atl. Biologicals Corp.*, No. 18-23276-CIV, 2020 WL 13413836, at *33 (S.D. Fla. June 1, 2020) (Goodman, Mag. J.) (observing "case law interpreting the insurer's duties under the *uberrimae fidei* doctrine is admittedly scarce.") (quoting WARREN J. MARWEDEL & STEPHANIE A. ESPINOZA, DAGGER, SHIELD, OR DOUBLE-EDGED SWORD?: THE RECIPROCAL NATURE OF THE DOCTRINE OF UBERRIMAE FIDEI, 83 Tul. L. Rev. 1163, 1175 (2009) ("Despite the common acceptance of the reciprocal nature of this doctrine, there is scant explanation of what exactly is expected of an insurer under the uberrimae fidei doctrine.")). Plaintiff does not support his position that Defendant violated the doctrine of *uberrimae fidei* by failing to declare the Vessel a total loss. However, the Court declines to dismiss Count III, as Defendant has not met its burden to show Plaintiff fails to state a claim under federal maritime law.

Furthermore, the Court is persuaded by *Polar Vortex's* finding that "[t]here are no applicable provisions of federal admiralty law which govern bad faith claims related to a maritime insurance contract." 2023 WL 2016832, at *7 n.8 (citing *Brown v. Yaring's of Tex., Inc.*, —— F. Supp. 3d ——, 2022 WL 17404888, at *21 (S.D. Ala. Dec. 1, 2022)). New York law therefore applies to Count IV. As explained in *Polar Vortex*, "New York cases are legion that 'there is no separate cause of action in tort for an insurer's bad faith failure to perform its obligations under an insurance policy[.]'" *Id.*, at *7. (quoting *Cont'l Cas. Co. v. Nationwide Indem. Co.*, 792 N.Y.S.2d 434, 435 (N.Y. App. Div. 2005)); *see also Acquista v. N.Y. Life Ins. Co.*, 730 N.Y.S.2d 272, 278 (N.Y. App. Div. 2001) ("We are unwilling to adopt the widely-accepted tort cause of action for 'bad faith' in the context of a first-party claim . . . . [T]he duties and obligations of the parties to an insurance policy are contractual rather than fiduciary."). Similar to the conclusion reached in *Polar Vortex*, Plaintiff's "bad faith claim is based on the same facts as its breach of contract allegation."[5] *Id.* Accordingly, Count IV fails to state a claim and must be dismissed with prejudice.

## IV. CONCLUSION

It is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Counts II – IV of Plaintiff's Amended Complaint, **ECF No. [34]**, is **GRANTED in part and DENIED in part**.

---

[5] As in Count II, Plaintiff's Amended Complaint avoids explicitly alleging his bad faith claim is premised on the Policy. Count IV also includes conclusory allegations providing that "[t]his is an action brought under Fla. Stat. § 624.155 . . . that is extracontractual and does not arise under [a] contract of insurance." ECF No. [32] ¶¶ 114-15. Plaintiff's conclusory allegations cannot avoid Count IV's dismissal in light of the Court's conclusion that the Policy's choice of law provision mandates the application of New York law. Like Count II, the bad faith claim alleged in Count IV is plainly brought pursuant to Defendant's duties and obligations under the Policy—despite Plaintiff's attempt to artfully plead otherwise. *See, e.g., id.* ¶ 114 (alleging bad faith action based on Defendant's "adjustment and handling of the claim submitted by Plaintiff in violation of its obligations and duties to the Plaintiff."); *id.* ¶¶ 117, 119-20 ("The policy of insurance was issued to the Plaintiff in Florida . . . Performance under the policy was anticipated in Florida . . . The failure to perform occurred in Florida."); *id.* ¶ 127 (Defendant "wrongfully failed and refused to declare the vessel as a total loss and failed and refused to provide payment of total Policy proceeds for the loss of the vessel.").

2. Counts II and IV of the Amended Complaint are **DISMISSED WITH PREJUDICE**.

3. Defendant shall file its Answer to Count III of the Amended Complaint **by May 23, 2024**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 9, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record